**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIAMOND KEY**, on behalf of herself and all others similarly situated, | ) ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | **COLLECTIVE AND CLASS ACTION** |
| v. | ) | **COMPLAINT** |
| | ) | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.**, | ) ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

Plaintiff Diamond Key files this Complaint against Defendant FedEx Ground Package System, Inc., seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. (FLSA); Ohio Revised Code (O.R.C.) § 4111.03(D), O.R.C. § 4113.15 (OPPA), and O.R.C. §2307.60. Plaintiff also brings an individual claim for violations of O.R.C. § 4111.14(G) and Ohio Const. Art. II, §34a. The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1.     This case challenges policies and practices of Defendant that violate the FLSA and Ohio law.

2.     Plaintiff brings this case as a collective action on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others like her who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 and 29 U.S.C. § 216(b).

5.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6.     The Court has supplemental jurisdiction over the asserted state law claims pursuant to

28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same

case or controversy.

## PARTIES

7.     During relevant times, Plaintiff has been an adult individual residing in this District

and Division. Plaintiff's written Consent to Join form is attached as **Exhibit A**.

8.     At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C.

§ 203(e).

9.     Defendant is a for-profit Delaware corporation that is registered to conduct business

in Ohio, and who can be served at its registered agent: CT Corporation System, at 4400 Easton

Commons Way, Suite 125, Columbus, OH 43219.

10.     At all relevant times, Defendant was an employer within the meaning of 29 U.S.C.

§ 203(d).

11.     At all relevant times, Defendant was an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     At all relevant times, Plaintiff was an employee engaged in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

### Unpaid Post-Shift Off-the-Clock Work

13.     Plaintiff was employed as an hourly non-exempt package handler/loader at Defendant's Grove City, Ohio location (Franklin County) from approximately November 2019 to April 2020.

14.     Plaintiff and others similarly situated were non-exempt employees under the FLSA and Ohio law, were paid an hourly wage, and performed non-exempt work for Defendant. For example, in performing their loading duties they were not responsible for the proper loading of the vehicles.

15.     Plaintiff and those similarly situated were required to clock out at the end of their shifts, but were then also required to continue working moving packages as they made their way out of the building.

16.     This additional work was integral and indispensable to the jobs they were hired to do and constituted the last principal activities of their workday.

17.     Defendant did not pay Plaintiff and those similarly situated for this additional compensable work.

18.     This additional unpaid work typically took approximately 20 minutes.

19.     Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek. Therefore, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over forty (40) each workweek.

20.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law. For example, Plaintiff and others similarly situated attempted to clock out at the

time clock closer to the exit so that they would be paid for the additional work; but when they did so, they were reprimanded and instructed to clock out at the assigned time clock.

21.     Upon information and belief, Defendant failed to make, keep, and preserve records of all hours worked by Plaintiff and other similarly situated employees. To the extent such records were not kept, Plaintiff and those similarly situated are entitled to a reasonable estimate.

### Defendant Failed to Produce Documents in Accordance with O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34a

22.     Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, §34a, on January 4, 2021, Plaintiff mailed a request for documents relating to her employment, including but not limited to Plaintiff's pay rate, hours worked each day, and amounts paid to Plaintiff.

23.     The mailing was properly posted to Defendant's registered agent.

24.     Plaintiff included a properly executed release with her request.

25.     As of this filing, Defendant has not produced Plaintiff's timesheets.

26.     Accordingly, more than thirty (30) business days have passed since Plaintiff's document request and Defendant is in violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, §34a.

27.     As a result of such violation, Plaintiff is entitled to costs and attorneys' fees for having to file this complaint for the purpose of seeking Court intervention and Defendant's compliance with O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

### COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

29.     The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current full-time hourly package handlers, loaders, and those with similar duties but different titles who performed post-shift off-the-clock work within three (3) years preceding the date of filing of this Complaint through the final resolution of this matter.**

30.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

31.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All former and current full-time hourly package handlers, loaders, and those with similar duties but different titles who performed post-shift off-the-clock work in Ohio within two (2) years preceding the date of filing of this Complaint through the final resolution of this matter.**

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class members but estimates that it consists of at least 30 or more employees during the relevant period.

34. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for post-shift off-the-clock work and whether that resulted in the underpayment of overtime.

35. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

36. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

38.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA.

40.     Plaintiff and those similarly situated are not exempt from the protections of the FLSA.

41.     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

42.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

43.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

**COUNT TWO**
**(Ohio Overtime and OPPA - Class Violations)**

44.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

46.     Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

47.     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

7

48.     Additionally, the OPPA requires Defendant to pay Plaintiff and the Ohio Class members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

49.     During relevant times, Plaintiff and the Ohio Class members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

50.     Plaintiff's and the Ohio Class members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

51.     The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

52.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated Ohio law.

53.     As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

<u>**COUNT THREE**</u>
**(Damages Pursuant to O.R.C. § 2307.60)**

54.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55.     As a result of Defendant's practices and policies, Plaintiff and those similarly situated have been harmed in that they have not received wages due to them pursuant to the FLSA.

56.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

57.     By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and those similarly situated have been injured as a result.

58.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

59.     As a result of Defendant's willful violations of the FLSA, Plaintiff and Opt-in Plaintiffs who join and worked in Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## <u>COUNT FOUR</u>
**(Violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a - Individual Claim)**

60.     Plaintiff sent a document request that complied with O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a.

61.     Defendant was Plaintiff's "employer" as defined in O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

62.     As Plaintiff's employer, Defendant was required to maintain records relating to here employment in accordance with Ohio law.

63.     Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

64.     More than 30 business days have passed, and as of this filing, Defendant has not produced the requested documents.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this

Honorable Court:

A.  Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B.  Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C.  Award Plaintiff, and the collective and class she represents, actual damages for unpaid wages, liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

D.  Award Plaintiff, and the collective and class she represents, pre-judgment and/or post-judgment interest at the statutory rate;

E.  Award Plaintiff, and the collective and class she represents, attorneys' fees, costs, and disbursements;

F.  Direct Defendant to produce all documents requested pursuant to O.R.C. §4111.14(G) at no cost to Plaintiff; and

G.  Award Plaintiff, and the collective and class she represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:       614-824-5770
Facsimile:        330-754-1430
Email:              rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone:       330-470-4428
Facsimile:        330-754-1430
Email:              hans@ohlaborlaw.com
                        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*

11