### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DIAMOND KEY,** on behalf of herself and
all others similarly situated,

                **Plaintiff,**

    **v.**

**FEDEX GROUND PACKAGE SYSTEM
INC.,**

            **Defendant.**

                                **Case No. 2:21-cv-773**
                                **JUDGE EDMUND A. SARGUS, JR.**
                                **Magistrate Judge Chelsey M. Vascura**

### OPINION AND ORDER

This matter is before the Court on the Defendant's Unopposed Motion for *in camera* Review of Confidential Settlement Agreement (ECF No. 16) and the parties' Joint Motion for Settlement Approval (ECF No. 17).  For the following reasons, the motion for *in camera* review is **DENIED** and the Joint Motion for Settlement Approval is is **DENIED WITHOUT PREJUDICE.**

### I.

Plaintiff Diamond Key initiated this action on February 23, 2021 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Ohio wage and hour law. (Compl., ECF No. 1.)  Plaintiff alleges that she worked as a non-exempt package handler/loader at Defendant's Grove City, Ohio location from November 2019 to April 2020 making an hourly wage.  (*Id.* ¶¶ 13–14.)  She claims that Defendant required her and others similarly situated to clock out at the end of their shifts, but continue working moving packages as they made their way out of the facility.  (*Id.* ¶ 15.)  On July 30, 2021, the parties filed a Joint Motion for Approval of Confidential Settlement Agreement.  ("Settlement Mot.," ECF No. 17.)  Defendant moved the

Court for *in camera* review of the confidential settlement agreement and did not filed a copy of the agreement on the docket.  (ECF No. 16.)

## II.

"An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Vigna v. Emery Fed. Credit Union*, No. 1:15-CV-51, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016).  "Thus, the proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* (internal citation omitted).  "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of settlement of litigation." *Id.* (internal citation omitted).

The Court cannot, at this time, approve the proposed confidential settlement agreement. An "agreement settling an FLSA claim that is submitted for court approval is indisputably . . . a 'judicial document' subject to the presumption of access." *Thompson v. Deviney Constr. Co., Inc.*, No. 216CV03019JPMDKV, 2017 WL 10662030, at *2 (W.D. Tenn. Dec. 15, 2017) (citing *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 337 (S.D. N.Y. 2012)).  The "mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.'" *Id.* (citing *Scott v. Memory Co., LLC*, No. 3:09CV290–SRW, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010).

Furthermore, many courts have concluded that including confidentiality provisions in an FLSA settlement agreement "both contravenes the legislative purpose of the FLSA and

undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Chime v. Fam. Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *4 (N.D. Ohio Nov. 17, 2020) (collecting cases).  Therefore, if the "parties want the court to approve" a confidential FLSA settlement, the parties must "articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *Id.*  (citing *Williams v. Alimar Security, Inc.*, 2017 WL 427727 at * 1 (E.D. Mich. Feb. 1, 2017)).  And, in the Sixth Circuit, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *In re E.I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, No. 2:13-MD-2433, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).

Here, although Defendant provided the Court with a copy of the settlement agreement and moved for *in camera* inspection, the parties' joint motion for settlement approval does not articulate any reason for confidentiality in this case.  *See, e.g.*, *Chime*, 2020 WL 6746511, at *4; *Thompson*, 2017 WL 10662030, at *2.   Accordingly, the Court denies Defendant's motion for review of the settlement agreement *in camera* and denies the joint motion for approval of the confidential settlement agreement without prejudice.  The parties may: (1) file a new motion for settlement approval setting forth the requisite justifications for approval of the confidentiality provision together with a motion for leave to file the agreement under seal, consistent with Sixth Circuit caselaw; (2) file a new motion for settlement approval setting forth the requisite justifications for approval of the confidentiality provision, attaching the settlement agreement as an exhibit on the docket; or (3) file a notice that the parties have withdrawn from the proposed settlement agreement and will continue with the litigation.

3

**III.**

For the foregoing reasons, the unopposed Motion for *in camera* Review is **DENIED** (ECF No. 16) and the Joint Motion for Settlement Approval is **DENIED WITHOUT PREJUDICE** (ECF No. 17).  The parties are **DIRECTED** to file a new motion for approval of settlement in accordance with this opinion or to file a notice that the parties have withdrawn from the proposed settlement.  This case is to remain open.

**IT IS SO ORDERED.**


**8/3/2021**                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**