## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Diamond Key**, | Case No. 2:21-cv-00773 |
| Plaintiff, | Judge Edmund A. Sargus |
| v. | Magistrate Judge Chelsey M. Vascura |
| **FedEx Ground Package System, Inc.**, | RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE |
| Defendant. | |

Pursuant to this Court's August 3, 2021, Order Named Plaintiff Diamond Key ("Key"), and Opt-In Plaintiffs Raymond Key, Jr. ("Key, Jr.") and Ralia Pitts ("Pitts") (collectively "Plaintiffs"), and Defendant FedEx Ground Package System, Inc. ("Defendant") (Plaintiffs and Defendant are herein collectively referred to as the "Parties") respectfully move this Court to approve the settlement reached by the Parties and memorialized in the Confidential Joint Stipulation of Settlement and General Release (the Settlement). The Settlement seeks to finally resolve this matter with Court approval of Settlement and dismissal of all claims with prejudice. Undersigned counsel has conferred with their respective clients and represents that the Parties have agreed to submit the Settlement publicly for the Court's review.

The Parties respectfully submit that the Settlement is fair, adequate and reasonable, and that it satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' counsel.

The settlement documents submitted for approval by the Court consist of the following:

**Exhibit A:**   Confidential Joint Stipulation of Settlement and General Release;

**Exhibit B:**   Proposed Order Approving Settlement and Release; and,

**Exhibit C:**   Declaration of Robi J. Baishnab.

1

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I. THE ACTION

On February 23, 2021, Key filed her collective and class action Complaint, on behalf of herself and others similarly situated, against FedEx Ground Package System, Inc. asserting violations of the FLSA, as well as Ohio Revised Code § 4111.03(D), § 4113.15, and § 2307.60 (the Action). Key alleged that Defendant failed to pay her and the putative collective/class of non-exempt hourly warehouse workers for post-shift, off-the-clock work, resulting in overtime violations of the FLSA and Ohio law.[1] Key also alleged an individual claim that Defendant failed to produce documents in accordance with O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a.[2]

On April 9, 2021, Defendant filed its Answer, in which it denied and continues to deny all liability.[3] On July 2, 2021, the Parties filed their Joint Notice of Settlement.[4]

## II. THE NEGOTIATIONS

The Parties engaged in extensive debate concerning Key's collective/class and individual claims, competing facts, and Defendant's defenses. This included Defendant producing various policies and procedures concerning timekeeping and reporting, employee handbook, an arial facility map identifying relevant time clocks, and time reports and audit/adjustment reports. Plaintiffs' Counsel these and discussed the material aspects with Key and other Opt-in Plaintiffs,

---

[1] ECF No. 1 at ¶¶ 13-21.

[2] *Id.* at ¶¶ 22-27.

[3] *See* ECF No. 9; the Agreement at pg. 6, ¶ 12; and Declaration of Robi J. Baishnab (Baishnab Decl.) *attached as* **Exhibit C**, at ¶ 14.

[4] ECF No. 14.

and responded with competing arguments and facts, including expected supervisor depositions that would corroborate the alleged collective claims as well as potentially amending the Complaint to add new claims. Accordingly, each Party thoroughly assessed the other's legal and factual positions, potential evidence and witnesses, claims, and defenses.[5]

Both Parties recognized the inherent risks and uncertainty of continued litigation, including Defendant recognizing possible collective/class treatment notwithstanding its defenses. So, after substantial good-faith arm's length negotiations, the Parties reached a settlement. Notwithstanding the settlement, disputes remain. Throughout the Action the Parties have disagreed, and continue to disagree, on the merits of Plaintiffs' claims and Defendant's defenses.[6]

### III. THE SETTLEMENT TERMS

The Parties agree that the Settlement is fair, adequate and reasonable.[7] The Settlement Agreement provides for individual payments to each Plaintiff, and the payment of attorneys' fees and reimbursement of ligation costs.[8] The total settlement amount reflects substantial estimated unpaid overtime and full liquidated damages per workweek, as calculated by Plaintiffs' Counsel.[9] Following the Court's August 3, 2021 Opinion and Order, the Parties have agreed to submit the Settlement publicly for the Court's review. Thus, because the Court determined Paragraphs 6 and 7 of the Agreement, which concern the confidentiality of the Settlement, to be unlawful or improper, or unenforceable those two Paragraphs shall have no force or effect. Pursuant to

---

[5] Baishnab Decl. at ¶ 15.

[6] *Id*. at ¶ 16.

[7] Agreement at ¶ 10(b).

[8] *Id*. at ¶ 1.

[9] Baishnab Decl. at ¶ 17.

3

Paragraph 14 of the Agreement, the remaining terms agreed to by the Parties shall remain enforceable.[10] The attached Proposed Order has been updated to reflect the nullification of Paragraphs 6 and 7. If Settlement is approved, Counsel will send to their respective clients a copy the Order.

If approved by the Court, and as outlined in the Agreement, the Settlement will resolve all issues between Plaintiffs and Defendant in this Action. If approved, the Parties have agreed that the Action will be dismissed with prejudice, with this Court retaining jurisdiction over performance of settlement, including the payments as outlined in their Agreement.[11]

## IV. THE PROPRIETY OF APPROVAL

### A. The Settlement Is a Fair Resolution of a Bona Fide Dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness."[12]

The payments to Plaintiffs are fair, reasonable, and adequate given that bona fide disputes exist between the Parties, including whether the alleged unpaid work is compensable, whether and to what degree overtime was worked, whether alleged unpaid time is *de minimis* even if compensable, whether the case could proceed on a collective or class basis, and whether liquidated and/or OPPA damages were appropriate. Settlement results in payments to Plaintiffs totaling at

---

[10] *See* last sentence of ¶ 14 of the Agreement ("If any provision hereof shall be determined to be unlawful or improper, or unenforceable for any other reason, the remaining provisions of this Agreement shall remain fully valid and enforceable.")

[11] Agreement at ¶ 2.

[12] *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

4

least approximately 100% allegedly unpaid overtime and liquidated damages, as calculated by Plaintiffs' Counsel.[13]

Though this matter is settling individually, Courts may also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[14] Here, there remain considerable disputes concerning allegations of hours worked, wages paid, estimates alleged, and Defendant's policies and affirmative defenses. There was no guarantee that either party would prevail, nor that Plaintiffs would be able to prove their estimated unpaid worktime or liquidated damages, or whether OPPA damages were appropriate. Accordingly, there was no fraud or collusion, and settlement resolves a potentially complex matter through arms-length negotiations between parties that were represented by able counsel.[15]

Additionally, public interest favors approval because the Settlement reflects a reasonable compromised over disputed issues, and results in prompt and adequate compensation Plaintiffs without the inherent risks and costs of litigation. Approval of the Settlement encourages settlement of litigation and saves the Parties substantial time and expense.

While the matter of unpaid overtime for three individuals is not inherently complex standing alone, the facts of this case warranted significant discovery given Plaintiffs' allegations and estimates and Defendant's defenses. For example, if litigation proceeded, the Parties would have engaged in formal written discovery and each side would have taken multiple depositions.

---

[13] Baishnab Decl. at ¶¶ 16 and 17.

[14] *UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)) (further citation omitted).

[15] Baishnab Decl. at ¶¶ 3-12, and 16.

Also, since the matter concerned post-shift work, the Parties may have engaged time-study experts, the costs of which have been estimated to be upwards of $50,000.[16] Accordingly, the factors considered by the Court are satisfied.

### B. The Court Should Approve the Requested Attorney's Fees and Costs.

Settlement provides for the reasonable payment of attorneys' fees of one-third (1/3) and reimbursement of ligation costs.[17] The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."[18] In *Fegley v. Higgins*,[19] the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights."[20]

This Court routinely approves one-third fee requests.[21] "[A]n award of one-third of the

---

[16] *Id*. at ¶ 18.

[17] Baishnab Decl. at ¶ 19.

[18] 29 U.S.C. § 216(b).

[19] 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994).

[20] *Id*. (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

[21] *See e.g. Mulledy v. American Air Furnace Company,* SD Ohio, Case No. 2:20-cv-05185 (J. Sargus) (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery); *Hixon et al v. MPW Industrial Services, Inc.*, SD Ohio, Case No. 2:20-cv-03361(Dkt. No. 39) (J. Morrison) ("The amount requested is typical for attorney's fees awarded in common fund, FLSA collective actions in this District"); *Campbell v. Wise Med. Staffing*, Case No. 2:18-CV-00493, 2020 U.S. Dist. LEXIS 253264, at *4 (S.D. Ohio Feb. 21, 2020) (J. Morrison) ("Court agrees and finds that one-third of the Settlement Fund is a reasonable percentage of the fund to be awarded for attorney's fees"); *Adams et al v. Frontier Railroad Services, LLC*, USD SD Ohio, Case No. 2:19-cv-00808 (Dkt. No. 43) (J. Morrison) ("The requested attorney's fees award, which is one-third of the common fund, is reasonable") (citing *Hebert*, 2019 WL 4574509, at *7–

settlement fund as a fee award . . . is a normal fee amount in a wage and hour case."[22] Further, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation costs. Also, they we will not be compensated for any time in ensuring performance of the Agreement.[23]

Plaintiffs' Counsel invested significant time researching applicable law, analyzing documents, communicating with Plaintiffs, conferring with opposing counsel during document production and negotiations, and pressing the matter towards resolution rather than costly trial.[24] Expenses at the time of settlement were incurred in the course of this action for the purpose of preserving, proving, and presenting Plaintiffs' claims. Costs incurred were nominal, considering the potential costs that Plaintiffs would have incurred had they proceeded with discovery and trial.[25] Defendant does not object to the requested fees and reimbursement of costs. Accordingly, reasonable attorneys' fees and costs should be approved as provide in the Settlement Agreement.

V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order Approving Settlement and Release.

---

8); *Younge v. The Huntington National Bank*, SD Ohio, Case No. 2:18-cv-00314 (J. Morrison) (ECF No. 91) (same); *Perry v. DASCO Home Medical Equipment, Inc.*, SD Ohio, Case No. 2:19-cv-01921; Dkt. Nos. 10 and 11 (Chief J. Marbley) (approving 1/3 early in litigation without mediation); *Gammon, et al. v. Marietta OPCO, LLC d/b/a Arbors at Marietta*, SD Ohio, Case No. 2:19-cv-05140 (Graham, J.) (same); and *Green, et al. v. H.A.D., Inc.*, SD Ohio, Case No. 2:15-cv-933 (same).

[22] *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *14 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 U.S. Dist. LEXIS 228221, *10–11 (N.D. Ohio July 27, 2018)).

[23] Baishnab Decl. at ¶ 19.

[24] *Id*.

[25] *Id*. at ¶ 20.

7

Respectfully submitted,

*s/ Robi J. Baishnab*
Robi J. Baishnab (#0086195)
**NILGES DRAHER LLC**
1360 E. 9th St., Suite 808
Cleveland, OH 44114
(216) 230-2955
(330) 754-1430 (Fax)
rbaishnab@ohlaborlaw.com

Hans A. Nilges (#0076017)
Shannon M. Draher (#0074304)
**NILGES DRAHER LLC**
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
(330) 470-4428
(330) 754-1430 (Fax)
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Attorneys for Plaintiffs*

*/s/ Mark A. Knueve (with permission)*
Mark A. Knueve (0067074), Trial Attorney
Brian W. Dressel (0097163)
**Vorys, Sater, Seymour And Pease Llp**
52 East Gay Street
Columbus, Ohio 43215
(614) 464-66387 - Telephone
(614) 719-4788 - Facsimile
maknueve@vorys.com
bwdressel@vorys.com

Rosa Copeland Miller (*admitted pro hac vice*)
Benjamin J. Ferron (*admitted pro hac vice*)
**FedEx Ground Package System, Inc.**
1000 FedEx Drive
Moon Township, PA 15108
(412) 262-7370
rosa.miller@fedex.com
benjamin.ferron@fedex.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I certify that on August 13, 2021, I electronically filed a copy of the foregoing. The Court's electronic filing system will send notice of this filing to all parties, who may access this filing through the Court's system.

/s/ *Robi J. Baishnab*
Robi J. Baishnab

*Attorney for Plaintiffs*

8